Peelle, J.,
delivered the opinion of the court:
The claimant, a physician, seeks to recover $2,547.50, alleged to be the balance due him for professional services rendered in caring for the sick members of the Third and Fifth regiments, Missouri Volunteers, confined in various hospitals in Kansas City, Mo., from September 8, 1898, to February 4,1899.
Capt. John Baxter, United States Army, acting chief quartermaster, then in Kansas City, inquired of the Adjutant-General, under date of September 5,1898, among other things, as follows: “ Shall I arrange to have sick placed in the city *480 hospitals upon arrival?” To which the Assistant Adjutant-General (Iieistand), by order of the Secretary of War, among other things, answered: “ You will also arrange to take care of the sick.”
Under the authority thus conferred, Captain Baxter, assistant quartermaster, addressed a communication to the claimant in these words:
“ KANSAS City, Mo., Sept. 6,1898.
“Dr. G. O. Coffin,

“Kansas City, Mo.

“Sir: You have been designated by his excellency the mayor as a most suitable person to take the matter in hand. I hereby request you to arrange for the seriously sick of the Third and Fifth regiments, Missouri Volunteers, at the various hospitals, and to receive and transfer them to same upon arrival of the regiments in question.
“I guarantee on the part of the Government that all bills for this service will be paid as promptly as they can be prepared and audited.
“ I am, sir, very respectfully, etc.,
“JohN Baxter, Jr.,
“ Ccvpt. and Assistant Quartermaster, TJ. S. Army.”
Two days later the claimant entered upon the discharge of his duties in looking after the sick and providing' for their necessities in hospitals in Kansas City, and to that end employed at his own expense such medical assistants and clerical help as he deemed necessary to care for them properly, devoting most of his time thereto, to the neglect of his pri•vate practice, until February 4,1899.
The claimant’s services were rendered under the immediate supervision of Maj. E. C. Koerper, United States Army, chief surgeon, Department of Missouri, of whom the claimant, on September 28, after his entry upon the discharge of his duties, inquired as to whom and the manner in which he should render his account for services so performed, in response to which the chief surgeon answered him that his account should be forwarded to his office for action, and suggested to the claimant 50 cents per ckiy for each patient, to which the claimant made objection, and in response thereto the chief surgeon, among other things, advised the claimant as follows: “Make out your bills for what you think is right. *481 Tbe 50 cents per man per dajr was simply a suggestion of the chief surgeon. ”
Thereupon the claimant made out his account at the rate of Si per da3'' for each patient, amounting to Si,028, which was approved by said chief surgeon for SI, 025 — there being an error of $3 — which was subsequently paid in full by the accounting officers.
For like services rendered by the claimant in October, November, and December, 1898, and January and up to Februaiy, 1899, the claimant rendered monthty accounts for $1 per day for each patient so professionally treated by him, amounting in the aggregate to $5,253, but that none of said accounts so rendered was acted upon by the Surgeon-General of the Army, nor was the claimant advised by anyone that he would be paid a less rate than that ho was paid for services so rendered in September previous, until after the expiration of the services so rendered b}r him, when they were finally acted upon and the claimant was paid thereon the sum of $2,705.50, leaving due on the several accounts so rendered the sum of $2,547.50; hence this suit.
At the time of the claimant’s employment and the rendition of said services there was in force in the War Department regulation 1459, set forth in the findings, providing for charges for ordinary medical attendance by civilian physicians as therein sot forth, but it does not appear that the claimant had any notice or knowledge thereof prior to his employment and the rendition of the services aforesaid.
The question presented, therefore, is as to whether under the facts of the case the claimant is entitled to recover $1 per day for each patient so treated by him as upon a contract or otherwise.
The letter of Captain Baxter, assistant quartermaster, United States Army, under date September 6, 1898, to the claimant, by authority of the Secretary of War, requesting the claimant “ to arrange for the seriously sick of the Third and Fifth regiments, Missouri Volunteers, at the hospitals,” in Kansas City, with the ‘‘guaranty on the part of the Government that all bills for this service will be paid as promptly as they can be prepared and audited,” together with the acceptance thereof *482 by the claimant and his entry upon and discharge of the duties, were sufficient to constitute a contract between the claimant and the Government for the performance of said services. And the claimant, having performed the services for which he was employed, is entitled to reasonable compensation therefor.
When the claimant’s account for $1 per man per day for the first month was approved and paid, as before stated, he had the right to presume that that rate had been accepted bjr the officers of the Government having to do therewith as reasonable, and that for like services, to be thereafter performed under the same contract of employment, he would be paid the same rate; and, acting upon that, he presented his accounts for subsequent months at the same rate, but they were not acted upon until after he had performed the services for which the accounts were rendered, and then, without any notice to him, they wore reduced one-half.
The claimant having been employed by authority of the Secretary of War to perform the services he did, and, too, without any knowledge of the Army Regulation fixing the rates for ordinary medical attendance by civilian physicians, and the rate of $1 per day per man, whether regarded as a contract or not, being reasonable as found, we think the claimant is entitled to recover the balance due, $2,547.50; this, of course, to be in full compensation for his services as well as for the expenses incurred by him in the employment of medical assistants and clerical help, as set forth in the findings; and judgment is according!]'' ordered to be entered.